SAVOY, Judge.
This is a suit on open account originally brought to enforce collection of the sum of $377.32, representing plaintiff’s invoices for $260.42 and $116.90 covering deliveries of materials allegedly made to defendant on June 12, 1959, and October 20, 1959, respectively. In his answer, defendant denies all allegations of plaintiff’s petition except name and place of domicile.
As the case was called for hearing in the trial court, defendant tendered $116.90 to cover the invoice of October 20, 1959, plaintiff entered a remittitur, and the parties went to trial on the invoice of June 12, 1959, for $260.42.
The record reveals that defendant admits having placed his order for the material with the plaintiff corporation; however, he denies that he ever received the material.
From a judgment of the lower court holding for defendant, the plaintiff corporation has brought this appeal.
The determinative issue involved, as revealed by the transcript, is whether or not plaintiff adequately sustained the proof of its alleged delivery.
The sole witness for defendant was defendant himself. His testimony, reduced to its essence, was that he denied receiving delivery and that a search of his office records revealed no delivery ticket or receipt signed either by himself or by any of his employees relative to the disputed invoice.
Plaintiff’s witnesses included its office manager, warehouseman, truck driver and truck driver’s helper.
Much of the testimony of all of plaintiff’s witnesses concerned itself with plaintiff’s business practice of issuing several vari-colored copies of each invoice. Of the several copies, two went with the truck driver in making his delivery. A piece of carbon paper was fitted in between the two. As a delivery was completed and accepted, the driver had the customer sign the top copy. Both copies were thereby signed by virtue of the use of the carbon, one being given to the customer and the other being returned to plaintiff by the driver. The purpose of this procedure, as revealed by the transcript, was to furnish both plaintiff and customer with a signed delivery ticket or receipt, thereby putting proof of delivery in the hands of each. The testimony of the various witnesses clearly establishes that this procedure was invariably followed by plaintiff and was a routine part of its business operation. Plaintiff however was unable to produce a signed copy of the subject invoice. The transcript reveals further that, prior to suit and .upon plaintiff having made requests for payment, defendant had agreed to pay the amount of the invoice if plaintiff would produce a signed copy.
Both the truck driver and helper testified positively that they made the delivery in question and had the delivery ticket signed by one of defendant’s employees. While they could not recall the employee’s name, they described him as a curly-haired man thirty or more years of age. Defendant in his testimony denied that any such person was in his employ either at the time of trial or in June, 1959.
*238 We note that the minutes of the trial court show that at the conclusion of the trial, June 22, 1960, the court announced its conclusion to the effect that judgment would be rendered in favor of defendant unless plaintiff could produce additional evidence by June 30, 1960, and that on June 30th judgment was rendered in favor of defendant.
It is quite apparent that the trial court, ruling on a question of fact, felt that plaintiff had not established its case to a sufficient degree of certainty. After examining the record and the transcript, we share that opinion, and further, we find no manifest error in the trial judge’s ruling on fact questions which would prompt us to upset his judgment.
Accordingly, the, judgment of the lower court is affirmed. All costs of this appeal will be borne by plaintiff-appellant;
Affirmed.